IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIE BURKS | § | |
| | § | |
| V. | § | CASE NO. 4:09cv195 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final

decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After

carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the

administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Disability Insurance Benefits under Title II, and

Supplemental Security Income disability benefits under Title XVI of the Social Security Act on July

22, 2004, claiming entitlement to disability benefits due to constant lower back, waist, and leg pain,

in addition to headaches, and poor vision (Tr. 79-80). Plaintiff's application was denied initially and

on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law

Judge (ALJ) in Fort Worth, Texas on June 13, 2007. Plaintiff was represented by counsel at the

proceeding.

On August 23, 2007, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled."

Plaintiff requested Appeals Council review, and on November 27, 2007, the Appeals Council issued

an Order vacating the August 2007 decision, and remanding to an ALJ for further consideration of

Mr. Burks' mental impairments and for further administrative proceedings. The ALJ conducted

another hearing on July 30, 2008 in Fort Worth, Texas.   Plaintiff appeared at the hearing with his

attorney, Mr. Karl Lynch, and testified along with Plaintiff's sister, Ms. Ruby Punch.  A vocational

expert, Ms. Eike, also testified.  The ALJ determined on September 3, 2008 that Mr. Burks is able

to return to his past relevant work.  Therefore, the September 3, 2008 decision of the ALJ became

the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g).

*See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ

made the following findings**:**

1. Mr. Burks has met the disability insured status requirements of the Act since his alleged onset of disability date of July 15, 2004.  *See* C.F.R. §§ 404.101 *et. Seq*. (Exhibit 3D, pages 1-2).

2. Mr. Burks did not engage in substantial gainful activity at any time relevant to this decision.  *See* 20 C.F.R. §§ 404.1510, 404.1572, 416.910, and 416.972.  (*See* Exhibit 2D, pages 3-8; Exhibit 3D, page 1; Exhibit 4D, pages 1-4; Exhibit 6D, pages 1-2; Exhibit 8E, pages 3, 5; Exhibit 9E, page 4; Exhibit 10E, page 2; Claimant's testimony).

3. The medical evidence establishes Mr. Burks has degenerative spondylosis in his lumbar spine, lumbar strain, chronic pancreatitis, a history of alcohol abuse, anemia, and schizoaffective disorder.  He has a "severe" combination of impairments, but he does not have any impairment or combination of impairments listed in, or that equals in severity an impairment listed in, 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. Mr. Burks has objectively identifiable, medically determinable impairments that reasonably could be expected to produce some of the pain and other subjective complaints he alleges.

5. Mr. Burks' allegations regarding his level of pain, subjective complaints, and functional limitations are only minimally credible and are not reasonably supported by the findings of the objective medical evidence or the inferences therefrom.  *See* 20 C.F.R. §§ 404.1529 and 416.929, and Social Security Ruling 96-7p.

6.    Mr. Burks retains the ability to obtain, perform, and maintain the following residual functional capacity on a consistent, sustained basis: lift and carry fifty pounds occasionally and twenty-five pounds frequently and sit, stand, and walk (individually or in combination) throughout an eight-hour workday.  He must perform jobs with a reasoning development level of one, two, or three (as defined in the *Dictionary of Occupational Titles*).  He can otherwise perform the full range of medium work.  *See* 20 C.F.R. §§ 404.1545 and 416.945, *Watson v. Barhart*, 288 F.3d 212 (5th Cir. 2002), *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).

7.    Mr. Burks' past relevant work as an office cleaner, stocker, and house attendant, as he performed it and as it is customarily performed in the national economy, does not require the performance of work-related activities precluded by the foregoing limitations.  Mr. Burk's impairments do not prevent the claimant from performing his past relevant work as an office cleaner, stocker, and house attendant, as he performed it and as it is customarily performed in the national economy.

8.    Mr. Burks has not been under a "disability," as defined in the Social Security Act, at any relevant time through the date of this decision.

(Tr. 15, 18, 22, 23).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.* at 401.  The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support

the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the

residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff brings three points of error. In his first point, Plaintiff argues that the Residual Functional Capacity ("RFC"), as determined by the ALJ, should be at the light and not medium level. The ALJ found that Plaintiff's maximum RFC was at the medium level of exertion. The vocational expert testified that Plaintiff's past work was not precluded by limitations assigned by the ALJ. The vocational expert also testified that one of Plaintiff's jobs is considered light and that he could perform that job. Assuming that the ALJ should have found that Plaintiff's RFC was light, there was testimony that Plaintiff could perform at that level and thus there is no merit to the first point of error.

The Court additionally finds that the RFC findings were supported by substantial evidence in the record. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ specifically cited to the medical evidence he considered in arriving at his assessment. Further, any credibility determinations are generally entitled to great deference. *See Newton v. Apfel*, 209 F.3d 448,459 (5th Cir. 2000).

Plaintiff's second point of error is that the ALJ incorrectly disregarded the medical evidence of Plaintiff's mental limitations. To support this argument, Plaintiff cites to two paragraphs of his testimony and that of his wife. No medical sources are noted. However, the ALJ reviewed approximately 162 pages of records from Denton MHMR. As the ALJ noted, most of Plaintiff's treatment at the MHMR has been related to skills training and not psychiatric care (Tr. 21). The ALJ also noted that Plaintiff had essentially unremarkable mental status examinations despite the lack of medication. *Id.* The ALJ specifically cited to the evidence in finding that Plaintiff's mental status did not require a finding of disability. Since Plaintiff only points to his testimony and nothing more, the Court finds that the ALJ's ultimate decision as to credibility is entitled to great deference and therefore overrules Plaintiff's second point. *See Newton v. Apfel*, 209 F.3d 448,459 (5th Cir. 2000).

In Plaintiff's third point of error, he complains that the ALJ did not obtain a consultation in regard to Plaintiff's mental impairments. The decision to require a consultative exam is within the discretion of the ALJ. *Wren v. Sullivan,* 925 F.2d 123, 128 (5th Cir.1991). An examination is only required when the ALJ cannot otherwise make a disability determination. *Anderson,* 887 F.2d at 634. The Appeals Council in its remand order directed that the ALJ *may obtain* a consultative exam if warranted and if necessary obtain evidence from a medical expert. The ALJ was not told to do so. Again, the ALJ did not have access to all the records in his first decision but had access to all the records after remand. While it may have been preferable to obtain a consultative exam, the ALJ gave several reasons for discrediting the severity of Plaintiff's mental impairments, including refusal to take medication, denying the need for medication, missing appointments, frequent absences from MHMR, frequent denial of hallucinations to state a few. Plaintiff's third point of error is overruled.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative

Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen days shall bar an aggrieved party from attacking the factual findings

on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982) (en banc).

**SIGNED this 20th day of December, 2010.**


_____

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE